IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BROOMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 24-311 (MN) |
| ) | |
| BRIAN EMIG, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington, this 30th day of April 2024;

**I.    BACKGROUND**

On March 7, 2024, Petitioner Donald Broomer, Sr. ("Petitioner") filed in this Court papers alleging that he was improperly being held at Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware for failing to satisfy is monthly child support obligations. (D.I. 1 at 1). Petitioner's requested relief was immediate release from HRYCI. (D.I. 1 at 2).

On March 12, 2024, Petitioner filed a copy of a habeas petition captioned for the Delaware Superior Court challenging the validity of his continued incarceration at HRCYI. (D.I. 3 at 2). According to the state habeas petition, Petitioner appeared before the Delaware Family Court on March 5, 2024 and signed an agreement to have his Social Security benefit checks garnished in order to satisfy his child support obligations. (*Id*.).

On April 11, 2024, the Delaware Department of Correction Central Offender Records Office informed the Clerk's Office that Petitioner has been released from HRYCI. (D.I. 5).

## II. STANDARD OF REVIEW

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court has jurisdiction over a habeas petition filed on behalf of a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.*"* *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *See Kissinger*, 309 F.3d at 180.

## III. DISCUSSION

Based on Petitioner's assertions, the Court liberally construes Petitioner's initial filing and the copy of the state habeas petition he filed as seeking federal habeas relief. Nevertheless, Petitioner's filings do no warrant relief. First, Petitioner does not indicate whether his detainment at HRCYI was the result of a state court judgment. Second, Petitioner's complaint about his

improper detainment at HRCYI is moot because he has obtained the only relief requested, namely, to be released from HRCYI. Given these circumstances, the Court concludes that summary dismissal of the instant case is appropriate.

IV. **CONCLUSION**

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's Petitions for Federal Habeas Relief (D.I. 1; D.I. 3) are **SUMMARILY DISMISSED**.

2. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

3. The Clerk shall send a copy of this Memorandum and Order to Petitioner at his address on record and close this case.

_____
The Honorable Maryellen Noreika
United States District Judge